UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN M. MORGANELLI,<br><br>    PLAINTIFF,<br><br>v.<br><br>JORDAN B. YEAGER, ET AL.,<br><br>    DEFENDANTS. | CIVIL ACTION<br><br>NO. 05-5241 |

OPINION

Pollak, J.                                                                   January 9, 2007

     Plaintiff John M. Morganelli has filed this motion to remand a suit, originally filed in the Court of Common Pleas of Northampton County, back to that court. The suit seeks compensatory and punitive damages against defendants Jordan B. Yeager, Kathryn Boockvar, and the law firm of Boockvar & Yeager under 42 Pa. C.S.A. § 8351 (The "Dragonetti Statute").[1]

     In November of 2002, defendant Yeager, on behalf of a client (Mark Keels), filed a federal suit predicated on 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the Fourteenth and First Amendments. This suit alleged that Northampton County and John Morganelli, the District

---

[1] Section 8351, which pertains to the wrongful use of civil proceedings, provides that: "A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings" if "[h]e acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based" and "[t]he proceedings have terminated in favor of the person against whom they are brought."

Attorney of Northampton County and plaintiff in the case at bar, had discriminated against Keels on grounds of race by denying him an appointment as a detective in the office of the District Attorney.  Morganelli was sued both individually and in his official capacity. <u>Keels v. Morganelli</u>, No. 02-CV-8488 (E.D.Pa. Jan. 13, 2004).  Northampton County's insurer entered into a settlement agreement with Yeager's client in December of 2003.  In January of 2004, the complaint against Morganelli was dismissed with prejudice on the grounds that, under Northampton County's insurance policy, Morganelli "may not refuse to settle upon the terms [to] which [the insurer] agrees." <u>Id.</u> at *2 (order dismissing case).  Morganelli's "Dragonetti" action alleges that the 2002 federal case against him was a frivolous suit initiated solely so that Morganelli would encourage Northampton County and/or its insurer to settle with defendant Yeager's client.

Defendants Yeager, Bookvar, and Bookvar & Yeager removed Morganelli's suit from the Court of Common Pleas in October of 2005 on the grounds that

> [t]his suit claims against defendants for bringing and prosecuting an action for denial of equal civil rights based on race, i.e. <u>Keels v. Morganelli</u>, No. 02-CV-8488.  This suit denies defendants those rights and is removable to this Court pursuant to Section 1443(1) and the Supreme Court of the United States decision <u>Rachel v. Georgia</u> [sic], 384 U.S. 780 (1996).  It is also a civil action for an act under color of authority derived from Section 1981, i.e., filing and pursuing the underlying <u>Keels</u> case, and is therefore removable under Section 1443(2).

(Notice of Removal 1-2).

Morganelli has countered by moving to remand.  His motion contends that federal jurisdiction is improper because (1) the case arises exclusively under state law and (2) there

is no diversity of citizenship between plaintiff and defendants.  Defendants do not deny the absence of diversity but, rather, continue to assert that removal is appropriate under 28 U.S.C. § 1443. (Answer to Motion for Remand ¶ 5).

### I. Removal under 28 U.S.C. § 1443 (1)

Section 1443(1) allows a state court defendant to remove an action to federal court whenever he or she is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  Defendants claim that they fall within the scope of § 1443(1) because the current suit proceeds from their filing a federal court action to vindicate rights guaranteed under federal laws providing for the equal rights of citizens.  However, the rights that defendants sought to assert in that earlier action were not their rights, but the rights of their client, Mark Keels.  The current state court suit cannot, therefore, be said to impede the enforcement of rights possessed by defendants.  Defendants are entirely outside the scope of § 1443(1).

### II. Removal under 28 U.S.C. § 1443 (2)

Section 1443(2) governs situations where the litigant seeking removal is being sued for undertaking "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  In City of Greenwood v. Peacock, 384 U.S. 808 (1966), the Supreme Court

determined that "the second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Id. at 824.

Defendants allege that defendant Yeager was acting in a "quasi[-]public capacity, as a private attorney general" when he "prosecut[ed] and refus[ed] to dismiss [his client's] suit to enforce § 1981." (Memo Opp. Motion for Remand 4-5).  However, given that defendant Yeager was not actually a federal officer or the agent of a federal officer, defendants seem to be pressing an interpretation of § 1443 (2) essentially interchangeable with the interpretation that the Court found unpersuasive in Greenwood:

> The core of [petitioners'] contention is that the various federal constitutional and statutory provisions invoked in their removal petitions conferred "color of authority" upon them to perform the acts for which they are being prosecuted by the State. We reject this argument, because we have concluded that the history of § 1443 (2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties.

Greenwood, 384 U.S. at 814-15.  Defendants also cannot claim authorization for removal on the grounds of "refusal to act," (Def. Memo Opp. Motion for Remand 5), since "[i]t is clear that removal under that language is available only to state officers," Greenwood, 384 U.S. at 824 n.22.[2]

---

[2] Defendants contend that, after Northampton County agreed to settle with Mark Keels, Yeager declined to dismiss the federal court suit against Morganelli because "such dismissal would deny § 1981 rights."  Defendants further contend that "[s]uit against Yeager for persisting is therefore removable. See Armeno v. Bridgeport, [446 F. Supp. 553] (D.Conn. 1978)."  However, Armeno is of no assistance to defendants.  In Armeno, the court noted that:

**Conclusion**

For the foregoing reasons, plaintiff John M. Morganelli's Motion to Remand must be granted. In an order accompanying this opinion, this case will be remanded to the Court of Common Pleas of Delaware County.

---

> The "refusal to act" clause of § 1443(2) adequately assures a right of removal to at least a public employer, and perhaps to a private employer, when he has declined to observe state requirements that he believes are inconsistent with the obligations imposed upon him by a federal law protecting equal rights.

Id. at 557 (internal citation omitted). Yeager, as Keels's lawyer, was undertaking to vindicate what he contended were his client's civil rights, not "obligations imposed upon him [Yeager] by a federal law protecting equal rights."